WALLACE, JUDGE:
This claim was filed by Wente Construction Company, Inc., against the Board of Regents, in the amount of $93,769.08 for task orders performed by the company on the Personal Rapid Transit (PRT) Phase II Implementation in Morgantown, West Virginia.
At the outset of the hearing, the claimant revised the amount of its claim to $70,249.78, task order #5 was voided, and task orders #17, #21, and #23 were found not accomplished.
Phase II of the PRT was constructed under the authority of the respondent through Daniel, Mann, Johnson, & Mendenhall (DMJM), its agent and general consultant. Funds were provided by a capital grant from the Urban Mass Transportation Authority (UMTA), a division of the United States Department of Transportation. At the time the construction was almost complete, DMJM unsuccessfully attempted to negotiate a contract with the general contractor to complete certain construction tasks not covered by the initial contract. DMJM then negotiated a cost-plus maximum price contract with Schoolfield-Harvey Electric Co., a division of the claimant. This company had been a subcontractor on the project.
An instrument dated 4-19-79, titled “Agreement For Construction For The Implementation Of Phase II Morgantown Personal Rapid Transit System,” was entered into and executed by one Earl T. Andrews for the respondent and a representative of the claimant company. Work was commenced on the task orders, and, between May of 1979, and January of 1980, nineteen were completed. Invoices for the completed work were then submitted and approved by the respondent. The Department of Finance and Administration refused to authorize disbursement of the capital grant funds provided by the UMTA due to the respondent’s failure to secure approval of the contract by that agency.
*347 Miles Dean, Commissioner of Finance and Administration, testified that he had reviewed the agreement in detail, that the respondent had no authority to unilaterally enter into the agreement, that it was an open-ended agreement, and that it was void.
Glenn R. Cummings, Director of Purchases for the State of West Virginia, testified that the agreement was open-ended, that no competitive bids were required, and that the provisions of Chapter 5A of the Code of West Virginia were not complied with.
Mr. Jones J. Schneider, Financial Research Coordinator for respondent, testified that UMTA approved the agreement between the claimant and the respondent and that the respondent has “set aside sufficient funds in the grant budget to cover any obligation which the Board has obligated itself to under the task orders issued.”
Mr. Schneider further stated that the task orders were performed in a satisfactory manner and that the amount owing for the work was fair and reasonable for the service performed by the claimant.
The State of West Virginia received the funds from UMTA to complete the PRT in Morgantown, West Virginia, and the respondent was charged with the responsibility of completing the project. In this particular claim, the respondent sought the contract for the completion of certain task orders not covered by the original contract. The resultant agreement was not properly approved, and no purchase order was approved by the Department of Finance and Administration. However, the respondent received the benefit of the services performed by the claimant, and the State has funds earmarked for the payment for the work. The record indicates that the work was accepted as satisfactory and that the amount owing for the work was reasonable.
The respondent received the benefit of the work performed, and a denial of this claim would constitute unjust enrichment to the respondent. Accordingly, the Court makes an award to the claimant in the amount of $70,249.78. See Cook v. Department of Finance and Administration, 11 Ct.Cl. 28 (1975), and Hedges v. Board of Regents, 11 Ct.Cl. 156 (1976).
Award of $70,249.78.